IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

**FILED**

SEP 0 7 2006

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY_____DEPUTY

| | |
|---|---|
| DONNIE JOE BACON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. CIV-05-510-W |
| ) | |
| MARTY SIRMONS, Warden, ) | |
| ) | |
| Respondent. ) | |

## ORDER

On March 17, 2006, United States Magistrate Judge Robert E. Bacharach issued a Report and Recommendation in this matter and recommended that the Court grant the Petition for Writ of Habeas Corpus ("Petition") filed by petitioner Donnie Joe Bacon and issue the requested writ of habeas corpus subject to the condition that the State of Oklahoma ("State") file an appropriate pleading in state court to retry Bacon. Respondent Marty Sirmons was advised of his right to object, and the matter now comes before the Court on Sirmons' Objection to the Report and Recommendation. Upon de novo review of the record, the Court concurs with Magistrate Judge Bacharach's suggested disposition of this matter.[1]

Bacon was charged in the District Court of Oklahoma County, Oklahoma, of violating title 10, section 7115 of the Oklahoma Statutes in connection with the abuse of

---

[1] As Magistrate Judge Bacharach found, the dispositive issue in this matter is whether the admission of certain evidence rendered Bacon's trial fundamentally unfair. The Court therefore has not considered the other grounds for relief asserted by Bacon in his Petition.

1

two boys, ages six and eleven. Evidence of these charges was admitted at his trial. Evidence[2] was also admitted

> "showing that . . . [Bacon] physically abused children of both genders and of various ages as well as adults of both genders both in his family and outside of it in a variety of ways over a period of approximately seventeen years . . . ."

Bacon v. State, No. F-2001-1224, slip op. at 3 (Okla. Crim. June 29, 2004). Bacon was convicted of two counts of child abuse, after former conviction of two or more felonies, and sentenced to two terms of imprisonment, the terms to run consecutively.

On direct appeal, the Oklahoma Court of Criminal Appeal ("OCCA") in a summary opinion found that "[m]uch of the evidence of other crimes . . . was indeed inadmissible," id., and was not "relevant to any other legitimate issue." Id. (citations omitted). The state appellate court further found that even if such "evidence was relevant, this evidence, admitted in the magnitude in which it was, would not all have been admissible as its probative value was far outweighed by its prejudicial impact." Id. (citation omitted). The OCCA however nevertheless found "beyond a reasonable doubt," id., that "in light of the evidence properly admitted relating to the crimes charged . . . that the admission of the improper evidence did not contribute to the verdict of guilt." Id.[3] The state appellate court could not make a similar finding however with regard to Bacon's sentences, and because it could not "find beyond a reasonable doubt that [the improper evidence] did not contribute

---

[2]The evidence was outlined in the Report and Recommendation and need not be repeated in this Order.

[3]This holding constitutes a determination by the OCCA that the evidentiary errors were harmless. See Lott v. State, 98 P.3d 318 (Okla. Crim. 2004). See also Welch v. Sirmons, 451 F.3d 675 (10th Cir. 2006).

to the sentence[s] imposed," id. at 3-4, the OCCA modified Bacon's sentences to terms of imprisonment of twenty years on each count, with the two terms to run consecutively. Id. at 5.

In Ground Two of his Petition, Bacon has argued that the improper admission of the "other crime and bad act evidence violated . . . [his] fundamental right to due process and [a] fair trial under the Sixth and Fourteenth Amendments [to the United States Constitution] . . . ." Petition at 7. In determining whether Bacon is entitled to relief, the Court is mindful that

> "[i]f . . . [Bacon's] claim was adjudicated on the merits in state court, [this Court] review[s] the state court ruling under the deferential standard of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, [Bacon] . . . is entitled to federal habeas relief only if he can establish that the state court decision was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the [United States] Supreme Court . . . ,' or was 'based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding.'"

Turrentine v. Mullin, 390 F.3d 1181, 1188 (10th Cir. 2004)(quoting 28 U.S.C. § 2254(d)(1)-(2))(other citation omitted).

In applying title 28, section 2254(d) of the United States Code, the Court must

> "first ask whether the principle of federal law invoked by [Bacon] . . . was clearly established by the Supreme Court at the time of the state court judgment. If so, . . . [the Court must then] ask whether the state court decision was contrary to or involved an unreasonable application of that clearly established federal law. A decision is 'contrary to' federal law 'if the state court applied a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently that [the Supreme Court has] done on a set of materially indistinguishable facts.' A state court decision involves an 'unreasonable application' of federal law 'if the state court correctly identifies the governing legal principle from [Supreme Court] decisions but unreasonably applies it to the facts of the particular case.'"

3

390 F.3d at 1189 (quoting Bell v. Cone, 535 U.S. 685, 694 (2002))(other citation omitted).

The admission of the evidence about which Bacon has complained does not entitle him to federal habeas relief unless he can demonstrate that the evidentiary errors were "so unduly prejudicial that [they] render[ed] the trial fundamentally unfair . . . ." Payne v. Tennessee, 501 U.S. 808, 825 (1991)(citation omitted). As Magistrate Judge Bacharach found, Bacon has made the requisite showing.

"'[B]ecause a fundamental-fairness analysis is not subject to clearly definable legal elements,' when engaged in such an endeavor . . . [this Court] must 'tread gingerly' and exercise 'considerable self-restraint.'" Duckett v. Mullin, 306 F.3d 982, 999 (10th Cir. 2002)(quoting United States v. Rivera, 900 F.2d 1462, 1477 (10th Cir. 1990)). "[T]he fundamental-fairness inquiry requires . . . [the Court] to look at the effect of the admission of the [improperly admitted evidence] within the context of the entire . . . [proceeding]." Spears v. Mullin, 343 F.3d 1215, 1226 (10th Cir. 2003). The Court must consider the relevance of the improper evidence and the strength of the permissible evidence, and "decide whether admission of the [improper evidence] could have given the State an unfair advantage." Id.

In so doing, the Court finds that the objectionable evidence was "'so grossly prejudicial that it fatally infected [Bacon's] . . . trial and denied [him] the fundamental fairness that is the essence of due process.'" Fox v. Ward, 200 F.3d 1286, 1296 (10th 2000)(quoting Williamson v. Ward, 110 F.3d 1508, 1522 (10th Cir. 1997)).[4] See Donnelly

---

[4]"[O]nce a showing of fundamental unfairness [has been] . . . made, a petitioner is entitled to habeas relief without an assessment of harmless error." Spears v. Mullin, 343 F.3d 1215, 1229 n.9 (10th Cir. 2003)(citations omitted). See Brecht v. Abrahamson, 507 U.S. 619(1993)(substantial and injurious effect or influence in determining jury's verdict); Chapman v. California, 386 U.S. 18

v. DeChristoforo, 416 U.S. 637 (1974). The Court further finds, acknowledging the deferential standard that this Court must employ under AEDPA, that the ruling of the OCCA that such evidence "did not contribute to the verdict of guilt," Bacon, slip op. at 3, despite its finding that the "prejudicial impact," id., of such evidence "far outweighed," id., "its probative value," id.,[5] was contrary to, and an unreasonable application of,[6] clearly established Supreme Court precedent.

Accordingly, the Court

(1) ADOPTS the Report and Recommendation issued on March 14, 2006;

(2) GRANTS Bacon's Petition to the extent that the parties are ADVISED that the writ of habeas corpus requested by Bacon shall issue unless within ninety (90) days from this date the State has filed an appropriate pleading in state court to retry Bacon;

(3) ADVISES the parties that if the State does not file such a pleading within the designated time, the Court shall issue the requested writ without further conditions;

(4) further ADVISES the parties that the Court RETAINS jurisdiction so that it can enforce the conditions set forth in this Order; and

(5) DIRECTS counsel for the respondent to report to the Court in writing within ninety-five (95) days from this date regarding the State's compliance with this Order and

---

(1967)(harmless beyond reasonable doubt).

[5] E.g., Welch, 451 F.3d at 688 (Payne fundamental-fairness standard satisfied if probative value of evidence greatly outweighed by prejudice flowing from its admission).

[6] "'When reviewing a state court's application of federal law, . . . [the Court] is precluded from issuing the writ simply because . . . [it] conclude[s] in . . . [its] independent judgment that the state court applied the law erroneously or incorrectly.' 'Rather, . . . [the Court] must be convinced that the application was also objectively unreasonable.'" 451 F.3d at 682 (quoting McLuckie v. Abbott, 337 F.3d 1193, 1197 (10th Cir. 2003)).

5

to submit at such time all appropriate state court papers demonstrating the State's compliance, if any.

ENTERED this 7th day of September, 2006.

LEE R. WEST
UNITED STATES DISTRICT JUDGE